Opinion by
Hurt, J.
§ 480. Bill of lading held, to he a through hill; case stated. Ryan recovered judgment against appellant for $140, for the loss of four head of cattle shipped by him at Teller, Arkansas, to Pilot Point, Texas. The contract of shipment was made with the Little Rock, Mississippi River & Texas R’y Co., at Teller, Arkansas, and the cattle shipped upon said company’s road at that point. Eour car-loads of cattle were shipped, at a through rate of $117 per car. The bill of lading recited that the cattle were consigned to E. D. Cunningham, at Pilot Point, Texas. By the contract of shipment, it was stipulated that the contracting company would transport the cattle to Little Rock, Arkansas, and there deliver the same to-the consignee or his order, or to such company or carrier as might be considered a part of the route to the destina *379 tion of said stock. It was stipulated that in case of damage to the cattle, the value of the cattle at the place and date of shipment should govern the settlement, etc. It was further specially agreed that all the conditions of said contract should apply to and govern the transportation of the cattle over any and all roads which formed a part of the route to the destination named. At Little Rock, Arkansas, the cattle, with the exception of the four head sued for, were received by appellant from the contracting company, and transported to their destination. The four head sued for were lost en route from Teller to Little Rock, while in charge of the contracting company. The freight charges were paid to appellant on the arrival of the cattle at Pilot Point. In the contract of shipment it was also stipulated that the contracting company should not be liable for any loss or injury which did not occur on its own line of road. Held, construing the bill of lading and the contract of shipment together, as an entire contract, and in the light of the surrounding circumstances, the bill of lading was a through bill, and bound the first carrier to deliver the cattle at Pilot Point, Texas. The reasons for thus holding are: 1. Through rates were guarantied to the shipper. 2. The freight charges in full were received by appellant at the place of destination. 3. The contract hound connecting lines to transport the cattle upon the terms therein stipulated. 4. It was specifically agreed that all the conditions of the contract should apply to and govern connecting lines.
§ 431. Liability of connecting lines of railroad. “In order to hold one carrier responsible for the default of another, a partnership between them must be shown, either express, or implied from the circumstances; or it must appear that the one was acting in the transportation as the agent of the other against whom the recovery is sought; and that the mere employment of a common or joint agent with authority to contract for through transportation over connecting routes, under an arrangement for the division of the receipts for such transporta *380 tion, in proportion to distance, or other service, will generally constitute neither such partnership nor agency, each for the other, as will make them jointly liable for each other’s acts in transportation. Carriers, like other persons, may become liable for each other’s acts, as partners, to third persons who may have sustained injuries through their defaults, or misfeasances, when, as between themselves, there is no partnership, nor mutual responsibility. When different railways, forming a continuous line, run their cars over the whole line, and sell tickets over the whole route, and check baggage through, an action lies against either company for the loss of baggage. To require the loser to ascertain to which one the damage is attributable, before he brings his action, is putting a burden upon him which makes relief almost impossible. Any other rule would subject shippers and consignors to such great inconvenience and uncertainty as to amount to a denial of a remedy.” [2 Redfield on R’ys, § 171.] Without considering the question as to whether or not appellant and the contracting company were partners, it is the opinion of the court, from all the evidence, that they were the agents of each other to accomplish and complete the carriage and delivery of the cattle in accordance with the terms of the contract. Under this contract appellant did receive and carry the cattle, and deliver them at the place of destination, and received the full freight for the entire route, and also relied and insisted upon the stipulation in the contract that the damage claimed should be the -value of the lost cattle at the place and time of shipment.
§ 432. Measure of damage. The court erred in awarding the plaintiff, as damages, the market value of the four cattle at the place of destination. He was only entitled to l'ecover, under his contract, the value of said cattle, at the place and time of shipment. For this error the judgment must be reversed; but as the proof definitely shows that said cattle were worth, at the. time and place of shipment, the sum of $60, the cause will not be remanded, *381 but judgment will be rendered by this court in favor of appellee for said amount.
November 12, 1884.
Eeversed and rendered.